Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2017 JUL 12 A 10: 23

CLERK M. akins
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
for the

District of

Division

Lori Ann Howard

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Mark Johnson and
Augusta Richmond County Commission

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. **CV117-079**
(to be filled in by the Clerk's Office)

Jury Trial: (check one) ☒ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Lori Ann Howard |
| Street Address | 4905 Sterlington Dr |
| City and County | Grovetown, Columbia |
| State and Zip Code | Georgia, 30813 |
| Telephone Number | 478 952-6326 |
| E-mail Address | lahoward83@gmail.com |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name: Mark Johnson
    Job or Title (if known): Director, Enviromental Services Department
    Street Address: 4330 Deans Bridge Road
    City and County: Blythe, Richmond
    State and Zip Code: Georgia 30805
    Telephone Number:
    E-mail Address (if known):

Defendant No. 2

    Name: Augusta Richmond Commission
    Job or Title (if known): Commission
    Street Address: 535 Telfair Street
    City and County: Augusta, Richmond
    State and Zip Code: Georgia, 30901
    Telephone Number:
    E-mail Address (if known):

Defendant No. 3

    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Defendant No. 4

    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Environmental Services Department |
| Street Address | 4330 Deans Bridge Road |
| City and County | Blythe, Richmond |
| State and Zip Code | Georgia 30805 |
| Telephone Number | |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☒ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☐ Retaliation.
- ☒ Other acts *(specify)*: Race Discrimination

 *(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
7/2014

C. I believe that defendant(s) *(check one)*:
- ☐ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- ☒ race — African American
- ☒ color — Black
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

      Please see Attachement - City of Augusta EEO Investagation findings.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

11/2014

B.     The Equal Employment Opportunity Commission *(check one)*:

    ☐     has not issued a Notice of Right to Sue letter.

    ☒     issued a Notice of Right to Sue letter, which I received on *(date)*   May 5, 2017  .

    *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.     Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

    ☐     60 days or more have elapsed.

    ☐     less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Damages $350,000. If hired, I would not have been subjected to the harassment, retaliation and firing by Alveno Ross Chief Appraiser of the County's Tax Assessors Office.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 7/12/2017

Signature of Plaintiff

Printed Name of Plaintiff    Lori Ann Howard

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

**Augusta**
GEORGIA

EQUAL EMPLOYMENT OPPORTUNITY OFFICE

Jacqueline Humphrey, Director

HARDIE DAVIS
Mayor

William Fennoy
Dennis Williams
Mary Davis
Sammie Sias
William Lockett
Ben Hasan
Louis "Hap" Harris
Wayne Guilfoyle
Marion Williams
Grady Smith

GRADY SMITH
Mayor Pro Tem

JANICE A. JACKSON
Administrator

March 25, 2015



RE: <u>Lori Howard's Race and Color Discrimination Formal Complaint</u>

**Purpose**

To determine if Ms. Lori Howard was denied an opportunity for promotion to a Contract Administrator's position within the Environmental Services Department based on race and color.

**Background**

After a Departmental Equal Employment Opportunity (EEO) Training Session on January 22, 2015, Lori Howard, Tax Assessor's Senior Property Appraiser III made a race and color based formal discrimination complaint as it relates to the recruitment process of the Contract Administrator's position within the Environmental Services Dept. The allegation based on race and color is made against Mark Johnson, Environmental Services Dept. Director, and Lori Videtto, Environmental Services Dept. Deputy Director.

The interview panel consisted of Lori Videtto (Caucasian Female), Sholonda Smith (Pacific Islander Female), and Robert Clayton Smith (Caucasian Male). No Human Resources (HR) representative was present; nor was the EEO Office notified of this interview. Out of 150 applications received, three applicants received interviews: Ms. Lakeisha Howard (African American Female) Ms. Lori Howard (African American Female), and Ms. Becky D. Padgett (Caucasian Female). According to the Organization Chart provided to the interviewees, Sholonda Smith, and Robert Clayton Smith would be direct reports to the Contract Administrator.

The position required a Bachelors' Degree in environmental services, public administration, business administration, or related occupational field of study. Masters' Degree was preferred in addition to minimum requirements. The Contract Administrator's job bulletin did not provide the disciplines for which a Master's degree is preferred.

### Allegations

-Ms. Lori Howard (African American Female) alleges that she applied for the Contract Administrator Position advertised in the Environmental Services/Solid Waste Department.

-Ms. Howard alleges that she interviewed for the position July 29, 2014 at 1 P.M.

Ms. Howard further alleges that a fellow co-worker by the name of Becky D. Padgett (Caucasian Female) also interviewed for the position and was offered the position; whereas Ms. Howard alleges that Ms. Padgett was less qualified for the position when selected.

### Documents Reviewed

- Applications submitted for the position provided by Human Resources (HR)
- Interview Summary Sheet
- Contract Administrator's Job Bulletins provided by HR
- Augusta Georgia Personnel Policy and Procedures Manual (As approved by the Commission on 12-6-11)
- Personnel files of Lori Howard and Becky Padgett received from HR
- Email communication between Lori Howard, Cindy Holland, and Lori Videtto (Interviewer)

### Findings:

Ms. Becky D. Padgett has been an Augusta, Georgia (ARC) employee since November 10, 2010. According to her application, Ms. Padgett has 8 years' experience as a Contract Specialist for Club Car; 2 years' experience as a Paralegal with Jenifer McKinzie, Esq; and 11 years' experience as a Paralegal and Office Manager for Garrett and Gilliard Attorneys at law. IFAS documents revealed Ms. Padgett's new position is reflected as Solid Waste Manager, with a salary of $58,227.76. According to Ms. Padgett's initial application provided by HR, Ms. Padgett's application was received on March 17, 2014 for the Contract Administrator's position. However, both job bulletins are dated March 21, 2014 as the opening date for the Contract Administrator's position.

Ms. Lori Howard has been an Augusta, Georgia (ARC) employee since June 8, 2013. Ms. Howard has eight years' experience required for the position in addition to having a Bachelor's of Science, a Master's degree in Public Administration, and a Master's degree in Business Administration. According to Ms. Howard's application and resume, she has eight years' experience working for the Mayor's Office in Macon, GA as Workforce Development Director, and as Assistant to Chief Administrative Officer. Based on this information, Ms. Howard exceeds the minimal qualifications for the position in question. According to personnel files submitted by HR, Lori Howard acquired a Bachelor of Science from Mercer University in August 1995, a Master of Business Administration (MBA), and a Master of Public Administration (MPA), from Georgia College & State University, August 1999. Ms. Howard's interview score was 910.

Lakeisha Howard was a Doctorate Business Administration student, had a Master's in Business Administration, Bachelors in Accounting; and an Associates/ Paralegal Certificate in Business Transactions at the time she submitted her application for the position. Ms. Howard had 9 years' experience as a Paralegal with Hube & Tucker LLC; 2 years' experience as a Paralegal with Hall & Kirkland P.C; and 5 months as Bookkeeper/Accountant Specialist with Bulloch County Board of Education. Based on this information, Ms. Howard exceeds the minimal qualifications for the position in question.

In reviewing the job bulletin for this position, it was discovered that there are two different job bulletins for the same position; one bulletin provided to Lori Howard by Lori Videtto dated July 9, 2014 which stipulates the closing date as continuous, and the required experience section has "Eight years' administrative experience in the solid waste management, field, including experience in a managerial capacity or a closely related field dealing with contract management and environmental services"; whereas the second bulletin provided by the HR Department dated January 27, 2015 has October 23, 2014 at 4:57 P.M as a closing date, and the required experience has "Eight years' administrative experience in the solid waste management field, including experience in a managerial capacity or a closely related field dealing with contract management and/or environmental services.

According to email communication between Ms. Lori Howard and Lori Videtto dated August 14, 2014; Ms. Howard was not given notification that another candidate was selected until that day. The email traffic also shows that Ms. Howard requested Ms. Videtto to provide her with some feedback regarding the interview process and selection criteria, in order that such feedback will assist her in "future career planning" in addition to focusing on the experience and skills deficiencies that prevented her from getting the position. A review of the email correspondence revealed Ms. Videtto's response was that "Our recommendation was for another candidate and our HR department is moving forward with that recommendation." On August 12, 2014, Ms. Howard also sent an email to Cindy Holland, former HR Employment Relations and Training Manager, asking whether there was anything derogatory on her personnel file that would prevent her from getting the position. Ms. Holland responded by stating there was no disciplinary actions noted in her file that would prevent her from pursuing other career opportunities.

In reviewing the interviewees' applications, it was discovered that the "Reason for Leaving" section of the application was omitted from Ms. Padgett's application (person ID 6742278), but not from the initial application received by HR on 3/17/2014; whereas Lori Howard's and Lakeisha Howard's application submissions show the "reason for leaving" section properly filled out. According to the Augusta, Georgia Application Process page (NEOGOV). *"It is important that your application show all education and employment history. "Please see resume" or not completing these areas and attaching a resume will be considered an incomplete application. You may attach your resume to the application; however, resumes will not be accept in lieu of completing the sections on the online application. All incomplete applications will be rejected."*

Section 800.013, page 132 of the PPPM (Interview Process) provides that "If the interview is for a supervisor, manager, or director level position, a representative from the EEO Office should be included on the panel as a non-interviewer." EEO was not notified of the date and time of interviews for this position. Three interviews were conducted on July 29, 2014. According to NeoGov documents, the position was filled July 30, 2014, and Ms. Padgett was placed in the position August 30, 2014.

**Recommendation:**

- Based on the findings noted above, the allegation based on race and color is substantiated.
- It appears to be inconsistency with application to process according to the Augusta Richmond County policies and Procedures manual (approved 12-6-11).

- It is unfair to punish the candidate who was placed in the position due to management, however, based on the documentation and finding Ms. Howard has not been treated fairly in the process, thus validating the discriminatory actions.
- Although the department director makes the recommendation for a candidate of choice to the HR department, it appears the HR department did not provide sufficient oversight that could have prevented the selection of a less qualified candidate.
- Considering the Contract Administrator's position is currently vacant, place the employee in the position for which she applied, and make her whole from the effective date that the position would have been filled (August 1, 2014) to include accrual corrections and adjustments to benefits and pension. According to an *Employee HR Pay Assignment* document, Ms. Padgett is currently holding the Waste Manager Position/Operations, with the pay grade of 55, with reason for the transaction indicating departmental transfer (DT).

Having reached a conclusion on this case, this investigation, as outlined within the contents of this inquiry is now closed. Should you wish to have an outside review of this matter, you are now advised that the findings herein constitute the end of your internal EEO Appeals and that you may forward your complaint to the Federal Equal Employment Opportunity Commission (EEOC), located at 100 Alabama Street SW, Suite 4R30, Atlanta, GA 30303. If you wish to file a complaint with the EEOC, you should do so within one hundred and eighty (180) days from the date of the event. Please be informed that pursuant to Title VII Civil Rights Act of 1964, Section 704(a) (b), you are protected against any form of organizational, administrative, or management retaliation, due to opposition against an unlawful employment practice under this title, and/or for participating in an EEO investigation also under this title.

Please note that in the event Title VII recourse is not available as a result of statute of limitations, a complainant may seek legal recourse under Title 42 U.S.C § 1981 as amended in 1991, which stipulates that public and private section employees are permitted to bring legal action for post contract formation/modification conduct, to include discriminatory acts.

Should you have any questions or concerns, do not hesitate to call or email the EEO Office.

Jaqueline Humphrey
EEO Director

/Wp
Cc: Mark Johnson, Environmental Services Department Director
    Alveno Ross, Tax Assessor's Dept. Director
    Tanika Bryant, HR Dept., Director
    Janice Allen Jackson, Madam Administrator
    Augusta, Georgia Commission

| EEOC Form 161-B (11/16) | **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** |
|---|---|

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Lori A. Howard<br>4905 Sterlington Drive<br>Grovetown, GA 30813 | From: | Savannah Local Office<br>7391 Hodgson Memorial Drive<br>Suite 200<br>Savannah, GA 31406 |
|---|---|---|---|

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 415-2015-00549 | Jennifer L. Bessick,<br>Investigator | (912) 920-4488 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
Omayra Padilla,
Director

MAY 0 5 2017
(Date Mailed)

Enclosures(s)

cc:  Michael Loeser
Human Resources Director
CITY OF AUGUSTA AND COUNTY OF RICHMOND GEORGIA
535 Telfair Street
Augusta, GA 30901

Enclosure with EEOC