IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

LORI ANN HOWARD,                    )
                                    )
           Plaintiff,               )
                                    )
     v.                             )          CV 117-079
                                    )
                                    )
MARK JOHNSON and AUGUSTA            )
RICHMOND COUNTY COMMISSION,         )
                                    )
           Defendants.              )
_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned employment discrimination case *pro se* and

is proceeding *in forma pauperis* ("IFP"). Because she is proceeding IFP, Plaintiff's amended

complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d

782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed,

Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or

any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief

may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

I.     **SCREENING OF THE COMPLAINT**

       A.     **BACKGROUND**

       In July 2014, Plaintiff, an African American female, applied for the position of

Contract Administrator in the Augusta Richmond County Environmental Services/Solid

Waste Department. (Doc. no. 1, p. 8.) Plaintiff was interviewed for the position, along with

two other applicants.  (Id.)  The position was ultimately given to Ms. Becky D. Padgett, a Caucasian female.  (Id.)

An investigation by the Augusta Richmond County Equal Employment Opportunity Office found Plaintiff's qualifications exceeded the minimum qualifications for the job as well as the qualifications of Ms. Padgett.  (Id.)  Moreover, Ms. Padgett omitted a "Reason for Leaving" section in her application, which, according to the Augusta, Georgia Application Process page, should have resulted in her application being rejected.  (Id. at 9.)  Finally, Ms. Lori Videtto, an interviewer for the position, appeared to provide a different job bulletin to Plaintiff than the one produced by the HR Department.  (Id.)

Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC").  The EEOC issued a right to sue notice on May 5, 2017, and Plaintiff timely filed this suit on July 12, 2017.  (Id. at 11.)

## B.    DISCUSSION

### 1.    Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Defendant Johnson Should Be Dismissed.

Plaintiff has brought her Title VII claims against individual Defendant Johnson in addition to the Augusta Richmond County Commission, her former employer. However, the

relief granted under Title VII is against the employer, not individual employees who violated the Act. Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Thus, individual capacity suits under Title VII are inappropriate, and the only proper defendant in a Title VII suit is the employer or supervisory employees in their official capacities as agents of the employer. Id. To the extent Plaintiff names Defendant Johnson in his official capacity as a supervisory employee, her claims are redundant because she has already named her former employer, Defendant Augusta Richmond County Commission. Busby, 931 F.2d at 776; Wheeles v. Nelson's Elec. Motor Servs., 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008) ("However, when a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action."). Thus, Plaintiff's Title VII claims against Defendant Johnson, in either capacity, are inappropriate or redundant and Defendant Johnson should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant Johnson be **DISMISSED** from this case. In a companion Order, the Court has allowed Plaintiff's Title VII claims against Defendant Augusta Richmond County Commission to proceed.

SO REPORTED AND RECOMMENDED this 8th day of August, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA