IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LORI ANN HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-079 |
| | ) | |
| AUGUSTA RICHMOND COUNTY COMMISION, | ) ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Because Plaintiff is proceeding *pro se*, the Court provided her with some basic instructions regarding the development and progression of this case. (Doc. no. 5.) In those instructions, the Court explained to Plaintiff the process for conducting discovery and cited the applicable Federal Rules of Civil Procedure. (Id. at 4-5.) The matter is now before the Court because Plaintiff has filed a motion to compel requesting the Court order Defendant to comply with the discovery process. (Doc. no. 25.)

Plaintiff's motion to compel is subject to summary denial for failing to comply with the Local Rules. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir.

1979)[1] (holding that failure to comply with the Local Rules may result in summary denial of a motion). The Local Rule that governs the filing of a motion to compel provides:

> **LR 26.5 Discovery Motions and Objections.** Discovery motions in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and objections relating to discovery shall:
>
>     (a) quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken;
>
>     (b) include the specific ground for the motion or objection; and
>
>     (c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory, request for admission, or request for production and may not be made generally.
>
>     Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(2) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court.

Loc. R. 26.5.

Plaintiff did not attach a copy of any discovery requests, and she did not attach a certification that she has made a good faith effort to resolve any dispute before seeking Court intervention. Accordingly, the Court **DENIES** Plaintiff's procedurally improper discovery motion. (Doc. no. 25.) The Court reminds Plaintiff it is her responsibility to know and follow the rules of the federal court. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, [s]he is subject to the relevant law and rules of court."). As the Court first informed Plaintiff in its August 8, 2017 Order, (doc. no. 5, p. 4 n.1), the

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

Local Rules and commonly used Forms may be found on the Court's website at www.gasd.uscourts.gov/.

Finally, the Court reminds Plaintiff of its prior instructions regarding discovery:

> If Plaintiff wishes to obtain facts and information about the case from the defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within the time limit set forth in Local Rule 26.1(d).
>
> Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court. Exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, she should first contact the attorney for that defendant and try to work out the problem. If Plaintiff proceeds with the motion to compel, she should also file therewith a statement certifying that she has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

(Doc. no. 5, pp. 4-5.)

SO ORDERED this 9th day of November, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA