IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

LORI ANN HOWARD,                       *
                                       *
    Plaintiff,                         *
                                       *
    v.                                 *      CV 117-079
                                       *
AUGUSTA RICHMOND COUNTY                *
COMMISSION,                            *
                                       *
    Defendant.                         *
                                       *

**O R D E R**

This employment discrimination case arises out of Plaintiff Lori Ann Howard's application for employment with Defendant Augusta Richmond County Commission. Plaintiff alleges she was not hired because of race and color discrimination in violation of Title VII, 42 U.S.C. § 2000e, *et seq*. Presently before the Court is Defendant's motion for summary judgment. (Doc. 42.)

**I. BACKGROUND**

Plaintiff, proceeding *pro se*, filed this employment discrimination case alleging race and color discrimination against Defendant. (See Compl., Doc. 1, at 7-10.) Plaintiff, a black woman, contends Defendant violated Title VII when it hired Becky Padgett, a white woman, for the Contract Administrator job for which Plaintiff believes she was more qualified. (Id.)

In March 2014, Defendant posted a job listing for the Contract Administrator position in Defendant's Environmental Services Department. (Aff. of Lori Videtto ("Videtto Aff."), Doc. 42-5, Ex. A.) After receiving applications for five months, Defendant's Human Resources Department ("HR") referred eleven candidates for the position, three of which were selected for interviews. (Id. ¶¶ 9-10.) On July 29, 2014, Plaintiff, Becky Padgett, and Lakeisha Howard[1] were interviewed by three members of the Environmental Services Department, including Deputy Director Lori Videtto. (Id. ¶¶ 3, 10-13.) The panel unanimously rated Padgett as the best candidate, and she was offered the Contract Administrator position the next day. (Id. ¶¶ 20-21, Ex. H.)

On August 14th, Lori Videtto informed Plaintiff that the Contractor Administrator position was offered to another applicant. (Videtto Aff., ¶ 22, Ex. I.) On August 30th, Plaintiff discovered that the offer was made to Padgett. (Pl. Dep., at 81, 101.) Plaintiff previously worked with Padgett and had no negative feelings towards her; Plaintiff simply thought she was more qualified for the job. (Id. at 91-92.)

Shortly thereafter, Plaintiff requested HR review her personnel file for anything that may have disqualified her from receiving an offer. (Id. at 83-84.) HR informed Plaintiff they

---

[1] Like Plaintiff, Lakeisha Howard was a black woman. (Videtto Aff., ¶ 10.)

2

found nothing of the sort. (Id. at 83.) Next, Plaintiff contacted Defendant's Equal Employment Office[2] and eventually lodged a formal complaint of discrimination on January 22, 2015. (Id. at 84-90.) The Equal Employment Office investigated and issued a letter to Plaintiff on March 25, 2015, stating Plaintiff's allegation of race and color discrimination was "substantiated." (Pl.'s Resp. in Opp'n, Doc. 44-12, Ex. L ("March 25th Letter").) Plaintiff disputed some of the factual findings of the report, but nevertheless attached it to her complaint as the basis for her claim. (See Pl. Dep., at 98-99, 116; see also Compl., at 7-10.)

On April 27, 2015, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").[3] (EEOC Charge, Doc. 42-7.) In the charge, Plaintiff states: "On August 30, 2014, I learned that Becky Padgett (White), a lesser qualified candidate, was selected for the position instead of me." (Id.) The charge is signed by Plaintiff and is stamped "Received Apr. 27, 2015." (Id.) Finally, Plaintiff listed March 25, 2015, as the last day of discrimination on her charge. (Id.) More than two years later, on May 5, 2017, the EEOC issued Plaintiff a right to sue letter. Plaintiff filed this action two months later.

---

[2] The Equal Employment Office is Defendant's internal employment discrimination office. It is entirely distinct from the federal government's Equal Employment Opportunity Commission.
[3] Plaintiff authenticated the EEOC Charge during her deposition. (Pl. Dep., at 101.)

3

(Compl., at 11.)  Now, Defendant moves for summary judgment on Plaintiff's discrimination claim.  (Doc. 42.)

## II. LEGAL STANDARD

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Facts are "material" if they could affect the outcome of the suit under the governing substantive law, and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court must view factual disputes in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [the non-moving party's] favor." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted).  The Court should not weigh the evidence or determine credibility. Anderson, 477 U.S. at 255.

The moving party has the initial burden of showing the Court, by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Because the standard for summary judgment mirrors that of a directed verdict,

the initial burden of proof required by either party depends on who carries the burden of proof at trial. Id. at 323. "When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it 'must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial.'" Four Parcels of Real Prop., 941 F.2d at 1438 (quoting Celotex Corp., 477 U.S. at 331 (Brennan, J., dissenting)). "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" Id. (quoting Chanel, Inc. v. Italian Activewear of Fla., Inc., 931 F.2d 1472, 1477 (11th Cir. 1991)).

When the movant does not carry the burden of proof at trial, it may satisfy its initial burden in one of two ways — by negating an essential element of the non-movant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 606–08 (11th Cir. 1991) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp., 477 U.S. 317). The movant cannot meet its initial burden by merely declaring that the non-moving party cannot meet its burden at trial. Id.

If — and only if — the movant carries its initial burden, the non-movant must "demonstrate that there is indeed a material issue

5

of fact that precludes summary judgment." Id. When the non-movant bears the burden of proof at trial, the non-movant must tailor its response to the method by which the movant carried its initial burden. For example, if the movant presented evidence affirmatively negating a material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993). On the other hand, if the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. The non-movant cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Rather, the non-movant must respond with affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

The Clerk of Court gave Plaintiff timely notice of Defendant's summary judgment motion and the summary judgment rules, of the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 43.) Therefore, the notice

requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (*per curiam*), have been satisfied.

### III. DISCUSSION

Defendant's motion for summary judgment advances three arguments. Most important among them is that Plaintiff failed to exhaust her administrative remedies because she filed her charge of discrimination with the EEOC past the deadline imposed by Title VII.

A plaintiff may only pursue a Title VII discrimination claim after exhausting her administrative remedies. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001). To exhaust, a plaintiff must file a timely charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e). In a non-deferral state, such as Georgia,[4] a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged discrimination. 29 C.F.R. § 1626.7(a); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1214 n.2 (11th Cir. 2001).

A failure to hire is considered a "discrete act" that triggers the 180-day period. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114-15 (2002). However, there is some disagreement among courts about whether the limitation period commences on the day

---

[4] The Eleventh Circuit previously recognized Georgia is a non-deferral state. See Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003); Wilkerson, 270 F.3d at 1317.

7

the other applicant is hired or the day the employee discovers the other applicant is hired. Compare Jakubiak v. Perry, 101 F.3d 23, 27 (4th Cir. 1996) (date the other applicant was hired); with Amini v. Oberlin Coll., 259 F.3d 493, 498-99 (6th Cir. 2001) (date applicant learns she was not hired). In the Eleventh Circuit, the 180-day limitations period begins to run from the date "the employee knows or reasonably should know that he or she has been discriminated against." Hill v. Metro Atlanta Rapid Transit Auth., 841 F.2d 1533, 1545 (11th Cir. 1988); see also Stafford v. Muscogee Cnty. Bd. of Educ., 688 F.2d 1383, 1388 (11th Cir. 1982) (limitations period began to run from date the plaintiff knew he was not hired).

Here, the limitations period for Plaintiff to file a charge with the EEOC began on August 30, 2014, when she discovered that the Contract Administrator position was filled by someone outside her protected class.[5] Although Plaintiff argues that Defendant has no evidence to show when she discovered the position was filled by Padgett, Plaintiff's April 27th EEOC Charge unequivocally states: "On August 30, 2014, I learned that Becky Padgett (White), a lesser qualified candidate, was selected for the position instead of me." (EEOC Charge.) Accordingly, the deadline for Plaintiff

---

[5] Even if the Eleventh Circuit were to follow the date-of-hire rule, Plaintiff's claim would still be barred for failure to exhaust her administrative remedies. Padgett was hired before August 30th, making Plaintiff's April 27, 2015 EEOC Charge even more untimely.

8

to have filed a charge with the EEOC was February 26, 2015. Plaintiff did not submit her charge until April 27, 2015, more than two months past the deadline. Therefore, Plaintiff's Title VII claims are barred for failure to exhaust administrative remedies.

The Supreme Court has held, however, that the time for filing a charge is subject to equitable doctrines such as waiver, estoppel, and equitable tolling. Morgan, 536 U.S. at 113 (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). A party seeking equitable tolling bears the burden to prove (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing. Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 971 (11th Cir. 2016) (adopting general equitable tolling test for employment discrimination cases).

Courts are generally hesitant to apply equitable tolling, absent extraordinary circumstances. See Manning v. Carlin, 786 F.2d 1108, 1109 (11th Cir. 1986) (identifying three extraordinary circumstances, "situations in which an action was pending before a state court, situations in which the defendant had concealed facts supporting a cause of action under Title VII, and situations in which the plaintiff was mislead by the defendant about the nature of his rights"). Notably, the limitations period will not be tolled during the pendency of the employer's internal grievance

9

procedure. Stafford, 688 F.2d at 1388; see also Del. State Coll. v. Ricks, 449 U.S. 250, 261 (1980) (citing Elec. Workers v. Robbins & Myers, Inc., 429 U.S. 229, 240 (1976)). Similarly, a party's *pro se* status will not toll the limitations period. See South v. Saab Cars USA, Inc., 28 F.3d 9, 11-12 (2d Cir. 1994); Castaldo v. Denver Pub. Sch., 276 F. App'x 839, 842 (10th Cir. 2008).

In this case, there are no extraordinary circumstances that prevented Plaintiff from timely filing her EEOC charge. Plaintiff waited until January 22nd — 145 days after she discovered Padgett was offered the job — to file a formal complaint with Defendant's internal investigation office. Then, she waited an additional thirty-three days after receiving the March 25th letter to file a charge of discrimination with the EEOC. Plaintiff offers no explanation for either delay.

As shown above, Plaintiff's request for an internal investigation cannot toll the limitations period. Further, Plaintiff admitted she filed at least two other unrelated charges of discrimination with the EEOC prior to this case. (Pl. Dep., at 42-44.) Therefore, she would be familiar with the reporting deadlines and the consequences of missing them. Even so, neither Plaintiff's unfamiliarity with the law nor her *pro se* status could toll the limitation period. See Castaldo, 276 F. App'x at 842.

The facts show that Plaintiff simply chose not to file her EEOC charge until April 27, 2015, two months past the 180-day

10

deadline. This is fatal to her case. Plaintiff's failure to exhaust her administrative remedies requires summary judgment in Defendant's favor, regardless of how viable her underlying discrimination claim may be. See Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (*per curiam*) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). Accordingly, Defendant's motion for summary judgment is granted.

## IV. CONCLUSION

Plaintiff failed to exhaust her administrative remedies because she did not file her EEOC charge of discrimination within the 180-day period required under Title VII. Therefore, Defendant's motion for summary judgment (Doc. 42) is **GRANTED**. The Clerk shall **ENTER JUDGMENT** for Defendant Augusta Richmond County Commission. The Clerk is further directed to **TERMINATE** all pending deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of March, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA